**Gurcharan SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74375.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Inna Lipkin, Fremont, CA, for Petitioner.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Joshua E. Braunstein, DOJ—U.S. Department Of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM **

Gurcharan Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We lack jurisdiction over Singh's contention regarding his Convention Against Torture claim because he failed to exhaust it with the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004). We have jurisdiction over the remainder of Singh appeal under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We dismiss in part and deny in part the petition for review.

The IJ's adverse credibility finding was based on substantial evidence because Singh submitted three fraudulent docu-

ments in order to establish elements of his claims for relief. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004).

Because Singh did not testify credibly, he failed to establish eligibility for asylum or withholding of removal. *See Singh–Kaur,* 183 F.3d at 1149.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.